# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD WHEELER, | ) | Case No. 3:15-cv-172 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE KEITH A. |
| | ) | PESTO |
| JOHN WETZEL, *in his official capacity as* | ) | |
| *Secretary of the PA Department of* | ) | |
| *Corrections*, GERALD L. ROZUM, *in his* | ) | |
| *official capacity as Superintendent of SCI* | ) | |
| *Somerset*, DANIEL J. GEHLMANN, *in his* | ) | |
| *official capacity as Deputy Superintendent* | ) | |
| *of SCI SOMERSET*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Wheeler, an inmate at SCI Somerset, filed this case on June 18, 2015, against John Wetzel, Secretary of the PA Department of Corrections, Gerald Rozum, Superintendent of SCI Somerset, and Daniel Gehlmann, Deputy Superintendent of SCI Somerset. (ECF No. 2.) Wheeler asserted a claim of deliberate indifference to a serious medical need against all defendants and a claim of retaliation against defendants Rozum and Gehlmann.

Pursuant to 28 U.S.C. § 636 and Local Civil Rule 72, Wheeler's case was referred to a magistrate judge for pretrial proceedings. After screening Wheeler's complaint pursuant to 28 U.S.C. § 1915A, the magistrate judge issued an order, report and recommendation (ECF No. 3), recommending that Wheeler's complaint be dismissed in part. Specifically, the magistrate judge recommended (1) dismissal of the deliberate-indifference claim as to Wetzel on the basis that Wheeler had failed to allege any personal involvement on Wetzel's part, and (2) dismissal of the retaliation claim altogether because it failed to state a valid cause of action. (*See id.*). The magistrate judge also granted Wheeler leave to amend his complaint to attempt to state a claim against Wetzel. (*Id.* at 4.) Wheeler did not file an amended complaint, but did file objections to

the magistrate judge's report and recommendation (ECF No. 4.) Wheeler's sole objection was an assertion that he did in fact allege Wetzel's personal involvement. (*See id.* ¶ 3.)

Some 11 months later—while discovery was ongoing—Wheeler moved to amend his complaint, purportedly to restate his original claims "with greater particularity." (ECF No. 24 ¶ 4.) In truth, Wheeler's proposed amended complaint added several negligence claims and reasserted all claims against defendant Wetzel. (*Id.*) The magistrate judge denied Wheeler's motion to amend, finding that Wheeler's proposed negligence claims would substantially predominate over his federal claims. (ECF No. 25.) Wheeler appealed the denial of his motion to amend to this Court (ECF No. 26) and this Court affirmed, finding that the magistrate judge's order was neither clearly erroneous nor contrary to law (ECF No. 28). Wheeler thereafter filed a motion requesting this Court reconsider its affirmance, arguing that the denial of leave to amend was clearly erroneous. (ECF No. 29.) That motion remains pending. Since then, Wheeler has requested leave to amend two more times (ECF Nos. 31, 47), which the magistrate judge has denied (ECF No. 49), and Wheeler has appealed those denials to this Court as well (ECF No. 51). On January 20, 2017, Wheeler also moved for the recusal of the undersigned judge on the basis that the undersigned is related to or has a social connection with an official employed at SCI Somerset, namely Sylvia Gibson. (ECF No. 72.) Discovery in this case has now closed and Gehlmann and Rozum have filed for summary judgment.

The Court now finds as follows:

The magistrate judge's first report and recommendation (ECF No. 3) is adopted in full as the opinion of this Court. Dismissal of defendant Wetzel was proper because Wheeler did not allege personal involvement on defendant Wetzel's part; although Wheeler occasionally referred generally to "Respondent" and "Respondents"—by which Wheeler presumably meant the defendants—at no point did he identify a specific act or omission by Wetzel that would support a claim of deliberate indifference. Defendant Wetzel's dismissal was therefore proper. And dismissal of Wheeler's retaliation claim was also proper; the facts he alleged did not support a retaliation claim. *See, e.g., Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007) ("The District Court was correct, however, in concluding that defendants' alleged obstruction of

prison grievance procedures does not give rise to an independent claim. Prisoners do not have a constitutional right to prison grievance procedures." (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001)). Wheeler's objections to the contrary at ECF No. 4 have been considered and are rejected.

It is therefore **ORDERED** that Wetzel is **DISMISSED** from this case.

Wheeler's most-recent appeal of the denial of his motion for leave to amend (ECF No. 51) is **GRANTED**. The magistrate judge (and this Court in ECF No. 28) was remiss in denying Wheeler's motion for leave to amend; Federal Rule of Civil Procedure 15(a)(2) and caselaw provide that leave to amend shall freely be given when justice so requires and "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Wheeler has stated sufficient grounds for amendment and correctly noted that it is the rare case in which "the addition of straightforward negligence claims based on the same facts as the constitutional claims will cause the state issues to substantially predominate." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 790 (3d Cir. 1995).

It is therefore **ORDERED** that Wheeler has **30 days from his receipt of this memorandum order** to file an amended complaint. Wheeler is not limited in the claims he may assert in his amended complaint.[1] In light of the Court granting Wheeler leave to amend, his motion for reconsideration ECF No. 29 and his objections at ECF No. 44 are **DENIED AS MOOT**.

The Court recognizes that granting Wheeler leave to amend at this stage in the case—with summary-judgment briefing complete—causes substantial disruption, but sees no way of avoiding this. The principal questions at this point are whether reopening discovery will be necessary and how to address the pending summary-judgment motion.

---

[1] But the Court notes that for statute of limitation purposes it would likely be only claims that arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" that would relate back to the date he filed this case. *See* Fed. R. Civ. P. 15(c)(1)(B).

Wheeler is therefore **ORDERED** to file, along with his amended complaint, a short statement with his views as to whether reopening discovery will be necessary and, if so, the specific points on which he believes discovery is needed and why the discovery exchanged to date would be insufficient.

Likewise, defendants are **ORDERED** to file a short statement with their views as to whether reopening discovery will be necessary. Defendants shall file their statement **within 14 days** from the date Wheeler files his amended complaint and short statement.

Wheeler's motion for recusal of the undersigned (ECF No. 72) is **DENIED**. Wheeler moved for recusal under 28 U.S.C. § 144 and § 455. Under § 144, a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. Under § 455(a), a judge must recuse where the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Wheeler has not met these requirements. He has not pointed to facts from which a neutral observer could reasonably conclude bias or prejudice, and has not alleged the familial relationship that makes recusal mandatory under § 455(b)(5)[2]

Pending also are Wheeler's objections to the magistrate judge's rulings on several nondispositive motions made by Wheeler (ECF No. 77.) Specifically, Wheeler objects to the magistrate judge's denial of Wheeler's motions for the appointment of counsel, to stay the case, for discovery, for issuance of subpoenas, and for recusal. (*Id.*) The magistrate judge failed to address some of these motions in much depth—and did not substantively address Wheeler's motions for the appointment of counsel (ECF Nos. 59, 61) or for discovery (ECF No. 70) at all. (*See* ECF Nos. 64, 73.) But the magistrate judge's decision not to recuse was neither clearly erroneous nor contrary to law. The Court further finds that Wheeler's objections to the denial of his motion for stay have been mooted; Wheeler's stated reason for seeking a stay was to await this Court's resolution of his appeal of the denial of his motion to amend (ECF No. 60), and this memorandum order resolves that appeal. As for Wheeler's objections to the denial of his

---

[2] Although the Court must accept Wheeler's factual allegations as true on a motion for recusal, *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973), the undersigned notes that he has no relationship—familial or otherwise—with Sylvia Gibson.

motions for discovery and subpoenas, the Court—as discussed above—is seeking further input on whether discovery should be reopened. If Wheeler still seeks discovery or subpoenas, he can re-raise those requests when he advises the Court of his views on reopening discovery.

As for Wheeler's objections to the denial of his motion for the appointment of counsel, the Court rejects those objections notwithstanding the magistrate judge's failure to address this motion. Indigent litigants have no constitutional or statutory rights to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Federal courts, however, have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Id.* In *Tabron*, the Third Circuit explained that in deciding whether to appoint counsel "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Id.* at 155. "If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel." *Id.* These factors include the plaintiff's ability to present his or her own case, the difficulty of the particular legal issues, the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, the plaintiff's capacity to retain counsel on his own behalf, the extent to which a case is likely to turn on credibility determinations, and whether the case will require testimony from expert witnesses. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron*, 6 F.3d at 155-57).

Although Wheeler's claims overcome *Tabron*'s merit threshold, the Court finds that application of the other factors weighs against the appointment of counsel. The Court notes the Third Circuit's observation that prudent application of "the *Tabron* factors should allow for the appropriate allocation of limited legal resources to those genuinely meritorious indigent civil cases that require and deserve pro bono legal counsel." *Montgomery*, 294 F.3d at 505 n.10. And

after applying *Tabron*'s factors here, the Court finds that appointment of counsel is not warranted.

Dated: March 28, 2017
BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE